PER CURIAM.
Appellant, serving a five-year sentence for burglary, grand theft and uttering, challenges the trial court’s denial of his petition for writ of mandamus, by which appellant protested the Florida Parole Commission’s determination that he was ineligible for control release. Appellant’s ineligibility was based upon section 947.146(4)(d), Florida Statutes (Supp.1992), which disqualifies any inmate with a battery conviction where “a sex act was attempted or completed during commission of such offense.” The appellant has a battery conviction, and the Commission relied upon a police report to conclude that the offense involved a sex act. We find no support in the record for such a conclusion.
As we read the police report and the other documents pertaining to the battery conviction, it is clear that no sex act was involved in appellant’s battery offense. Although the arrest report indicates that appellant was suspected of committing a lewd act upon a child in addition to the battery offense, there is no *492 indication that formal charges were ever brought on the lewd act. More importantly, it is clear that the offenses were not connected. In short, the Commission should not have declared appellant ineligible based upon his prior battery conviction.
Accordingly, the trial court’s order is REVERSED and the case is REMANDED with directions to grant the requested relief.
ERVIN, MINER and MICKLE, JJ., concur.